CLINTON STEEN V. THE STATE.

No. 8568.  Delivered December 17, 1924.

No motion for rehearing filed.

Burglary—New Trial—Misconduct of Jury.

In his motion for a new trial appellant set up as grounds for, the misconduct of the jury. Evidence was heard and it was clearly shown that matters not in evidence, and hurtful to the appellant were discussed by the jury. The trial court should have granted him a new trial.

Appeal from the District Court of Hunt County. Tried below before the Hon. Geo. B. Hall, Judge.

Appeal from a conviction of burglary; penalty, three years in the penitentiary.

*Stinson & Peak,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Hunt County of burglary, and his punishment fixed at three years in the penitentiary.

The store of prosecuting witness Myre was burglarized on the 14th of May, 1923, and a quantity of clothing and other articles taken, including a cash register. Some time afterward articles of clothing and a sack of sugar were found in the possession of appellant which were substantially identified by the State as being those which came out of the burglarized store. A cash register was found in some water between the burglarized premises and where appellant lived. Articles in the cash register were identified by prosecuting witness. The only complaint that we deem necessary to discuss is that of the refusal of a new trial sought because of misconduct of the jury.

Two of the jurors who sat in the case testified positively that after their retirement and before they voted that appellant was guilty, it was discussed in the jury room that appellant had been charged with theft of sorghum seed, and that other matters derogatory to him were also mentioned and discussed, and it was also in testimony that one of the jurors separated himself from the jury during the trial. Other jurors were introduced. The juror who separated from his fellows testified that he did so without intention and that he did not discuss the case with any one nor did anyone discuss it in his presence during his short temporary separation from the remainder of the jury. This

juror also testified that the first thing after they went upstairs it was mentioned about the appellant having stolen some sorghum seed. He also said that he might have made the statement in the jury room that he had heard that appellant ruined his wife before marriage and had to marry her, that the jury were joking and going on with foolishness and that he could not say whether he said it or not. He also said that he might have made the statement in the jury room that appellant was out of one trouble and into another, he would not be sure about this. The foreman of the jury testified that while they were deliberating there were two or three things mentioned which caused him to tell the remainder of the jury that they were not trying appellant for those things and could not take them into the consideration; they discussed the case something like an hour. He said he did not remember just what the matters were which he considered objectionable that were mentioned in the jury room. Juror Peek also called, said that something was said about the sorghum seed but his judgment was that the remark was made after they had arrived at a verdict of guilty. Juror Terry said that he heard the sorghum seed discussion but did not hear the discussion about appellant having to marry his wife; he thought the mention of sorghum seed was made after they arrived at the verdict. On cross-examination this juror said he heard it stated in the jury room that appellant had stolen sorghum seed and understood from the remark that he pleaded guilty to it. Juror Cody said that the remarks about the sorghum seed and the circumstances under which appellant married his wife were made but he thought they were not made until after the case was decided. Upon consideration this juror said that he had concluded that his brother told him those things after he came out of the jury room and after this case was decided. Jurors Brown, Jones, Turner and Mansfield testified that they did not hear any discussion in the jury room of the matters constituting the alleged misconduct.

This is the substance of the testimony heard by the learned trial court upon this issue. We are inclined to the belief that this testimony shows that the fairness of the trial is left in such serious doubt as that this verdict should not be permitted to stand. It appears from the testimony of three of the jurors that prejudicial matter was discussed in the jury room before guilt was voted. It appears from the testimony of the foreman that matters which he considered wrong were mentioned in the jury room, although he does not remember what they were. Two or three of the jurors remember the matter being discussed, but think it was after they had voted and found appellant guilty. Several of the jurors did not hear the matter discussed at all.

We think that when a number of men assert positively that matter injurious to the appellant was discussed in the jury room before the verdict was reached, and when those jurors whose testimony tends to

oppose this, decline to be positive as to when the injurious matter was referred to but do admit that it was discussed, then the trial court should have granted a new trial. Several of the jurors admit that they had heard these things charged against appellant before they went on the jury. Appellant did not receive the minimum punishment. His guilt is dependent upon circumstantial evidence and he is entitled to a trial at the hands of a jury who do not bring into their discussions facts and circumstances not legitimately in evidence against him, their views and knowledge of other matters which would necessarily be hurtful to the appellant. So believing, we think the motion for new trial should have been granted, and that for its refusal this judgment must be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*